

**SIGNED this 16 day of September, 2010.**

```
                              _____
                                    Shelley D. Rucker
                              UNITED STATES BANKRUPTCY JUDGE
```
_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

In re:                                          No. 09-11047
                                                Chapter 11 Debtor
BARBARA ALLEN CHADWICK,


BRIAN and DONNA WEIR,

    Plaintiffs/Movants,

v                                               Adversary Proceeding
                                                No. 09-1183

BARBARA ALLEN CHADWICK, MELVIN CHADWICK,
JAMES THOMPSON, SHAWN THOMPSON, JOSE'
GUERENA, AUSTIN CHADWICK, CHADWICK
FAMILY LIMITED PARTNERSHIP, DUTCH LAUNDRY
LIMITED PARTNERSHIP, PROSPECT APARTMENTS
FAMILY LIMITED PARTNERSHIP, and BANK OF
CLEVELAND

    Defendants/Respondents.

**Memorandum**

Plaintiffs Brian and Donna Weir ("Plaintiffs") have filed a motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056 and Eastern District of Tennessee Local Rule 7056-1 regarding their claim that Debtor Barbara Allen Chadwick ("Debtor") fraudulently conveyed her property located at 163 County Road 5, Calhoun, Tennessee 37309 ("Residence") to a family limited partnership. *See* [Doc. No. 23[1]]. The Plaintiffs seek to have this court avoid the conveyance as fraudulent pursuant to Tenn. Code Ann. § 66-3-101 and § 66-3-301 *et seq.* The Debtor opposes the motion for summary judgment. [Doc. No. 27]. The court has reviewed the briefs of the parties, the record, and the relevant law and has determined that Plaintiffs' motion will be denied.

**I.    Jurisdiction**

28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district provide this court with jurisdiction to hear and decide this adversary proceeding. The Plaintiffs' action regarding fraudulent transfer is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(H).

**II.    Background**

Many of the relevant material facts are undisputed by the parties. *See* [Doc. Nos. 23-1, 27]. The court notes where there are disputes of fact. The parties agree that the Debtor is married to Melvin Chadwick and has four sons, Jose Gerena, Shon Hilliard Thompson, James Thompson, and Austin Chadwick. *See* [Doc. Nos. 23-1, 27]. The Debtor owned a construction business and agreed to construct the home of the Plaintiffs for $208,000. *See* [Doc. No. 23-1, Ex. 3, pp. 24-27].

The relationship between the parties deteriorated, and on March 20, 2007 the Debtor

---

[1] All citations to the court's docket entries are for the docket pertaining to Adversary Proceeding 09-1183.

filed a lawsuit in Chancery Court of Bradley County, Tennessee alleging that the Plaintiffs breached the contract relating to the construction of their home.  *See* [Doc. No. 23-1, Ex. 3, pp. 16-22].  The Plaintiffs then filed a counterclaim against the Debtor on June 11, 2007 asserting that she engaged in deceptive and unfair trade practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.* ("TCPA").  *See* [Doc. No. 23-1, Ex. 4, pp. 31-35].

The parties participated in a trial in state chancery court on several different days beginning on June 5, 2008 through September 29, 2008. On February 4, 2009 the chancery court rendered a judgment in favor of the Plaintiffs, Brian and Donna Weir, in the amount of $382.45.  *See* [Doc. No. 23-1, Ex. 6, pp. 44-47].

Around the same time, on June 23, 2008, the Debtor created the Chadwick Family Limited Partnership ("CFLP"), and the State of Tennessee issued a certificate of limited partnership.  *See* [Doc. No. 23-1, Ex. 9, p. 60].  The Debtor testified that the partners included the Debtor's husband, Melvin Chadwick, and her sons, James Thompson, Shon Thompson, Jose Gerena, and Austin Chadwick.  [Doc. No. 23-1, Exs. 1-2, 5, 11-13, 15, 16, 19, Deposition of Barbara Allen Chadwick ("Chadwick Dep."), pp. 55-56].  The Certificate of Limited Partnership for the CFLP lists only the Debtor as a partner in the limited partnership and designates her as the general partner. There is no information on the certificate regarding the percentage ownership interests in CFLP.  [Doc. No. 1, Ex. A].  On June 26, 2008 the Debtor and her husband executed a quitclaim deed transferring a fee simple interest in their Residence to the CFLP and recorded the transfer at the McMinn County Courthouse.  Chadwick Dep., pp. 54-55; [Doc. No. 23-1, Ex. 10, p. 62].  Prior to their transfer of the residential property to the CFLP, the Debtor with her husband owned the Residence as tenants by the entirety without any loans or liens against it.  Chadwick Dep., p. 10.  Although the deed creating Mr. Chadwick's and the Debtor's interest in the Residence was not provided, the Debtor argues in her objection to the

motion for summary judgment that the Residence was owned as tenants by the entireties. *Debtor's Memorandum* at 4. The Plaintiffs do not dispute this fact in their reply. *Plaintiffs' Reply* at 5.

With respect to the value of the residence, the State of Tennessee appraised the property as having a total market value of $463,900 in 2009.  [Doc. No. 23-1, Ex. 14, pp. 77-78]. No evidence was submitted by either party regarding the value of the Debtor's partnership interest in CFLP.

On February 20, 2009 the Debtor filed for Chapter 11 Bankruptcy. The Debtor's Summary of Schedules in her Chapter 11 Bankruptcy Case indicates that she has total assets valued at $191,200 and total liabilities of $217,611.  [Doc. No. 23-1, Ex. 17, p. 92].  Following a lifting of the stay for the purpose of liquidating the amount of attorney fees due to the Plaintiffs, on August 10, 2009, the state chancery court entered an order awarding the Plaintiffs $48,000 in attorneys' fees due to the Debtor's violation of the TCPA.  *See* [Doc. No. 23-1, Ex. 18, p. 94]; [Doc. No. 27, p. 12].

### III.    Issues

The Plaintiffs bring this motion based on "constructive fraud" pursuant to Tenn. Code Ann. § 66-3-305(a)(2) rather than an action for "actual fraud" pursuant to Tenn. Code Ann. § 66-3-305(a)(1).  Thus, the Debtor's intent regarding her reasons for transferring the Residence to CFLP are irrelevant for purposes of this motion. *See e.g. Farinash v. Silvey (In re Silvey)*, 378 B.R. 186, 189, 193 (Bankr. E.D. Tenn. 2007). The Plaintiffs alleged actual fraud in the complaint, and the Debtor's intent as evidenced by the various transfers of her interest in the Residence and the other business properties will be relevant if avoidance based on actual fraud is pursued at trial.

For purposes of this motion, the issues are whether there are genuine disputes of material fact about (a) whether the Debtor transferred her interest in the Residence to CFLP  for

"reasonably equivalent value," and (b) if the Debtor did not receive reasonably equivalent value, (1) whether the transfer was at a time when the Debtor was about to engage in a business or transaction with "unreasonably small" capital or (2) whether the debtor believed that she was about to incur debts beyond her ability to pay. Plaintiffs contend that the Debtor owned a significant unencumbered asset in the form of her interest in the Residence which she transferred for a partnership interest and satisfaction of a personal obligation to preserve "her sons' inheritance."

### IV.    Standard of Review

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable to bankruptcy adversary proceedings. *See* Fed. R. Bank. P. 7056. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden is on the moving party to show conclusively that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

Once the moving party presents evidence sufficient to support a motion under Fed. R. Civ. P. 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *White*, 909 F.2d at 943-44; *60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential element of the nonmoving party's case with respect

to which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

### V.   Analysis

Plaintiffs assert that the Debtor has violated a provision of the UFTA, which states:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: . . . .

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

(B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Tenn. Code Ann. § 66-3-305(a)(2)(A)-(B). The plaintiff "bears the burden of proving, by a preponderance of the evidence, every element of its argument." *Webb Mtn, LLC v. Executive Realty Partnership, L.P. (In re Webb Mtn, LLC)*, 420 B.R. 418, 431 (Bankr. E.D. Tenn. 2009). The UFTA provides that a creditor may obtain the "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Tenn. Code Ann. § 66-3-308(a)(1).

Plaintiffs contend that the Debtor, facing substantial exposure to a judgment, exchanged a substantial asset, her interest in a $463,000 unencumbered Residence for little or no value as defined by the Uniform Fraudulent Transfer Act as enacted in Tennessee, Tenn. Code Ann. § 66-3-301 *et seq.* ("UFTA"). In contrast to the Plaintiffs' view of the facts, the Debtor contends that what she owned before the transfer was an asset of "nominal" value because it was only an entirety interest; and therefore, to the extent that she received anything, it was "reasonably equivalent." Alternatively, the Debtor contends that she was satisfying an antecedent debt to her sons created by their investment of "sweat equity in building the property." *See* Chadwick

Dep., p. 56.

In general, where the central issue in dispute is whether a debtor received reasonably equivalent value in exchange for a transfer, the question is one of fact. *See Lisle v. John Wiley & Sons, Inc. (In re Wilkinson)*, 2006 WL 2380887, 196 F. App'x 337, 341 (6th Cir. Aug. 17, 2006) (citing *In re Humble*, 19 F. App'x 198, 200 (6th Cir. 2001)); *In re Webb Mtn, LLC*, 420 B.R. at 432-33. In *In re Wilkinson* the Sixth Circuit further instructed that "[a] court considering this question should first determine whether the debtor received *any* value in the exchange. If so, the court should determine if the value received was reasonably equivalent." *Id.* (citing *In re Freuhauf Trailer Corp.*, 444 F.3d 203, 212 (3d Cir. 2006)).

In this case, the Debtor received a partnership interest and satisfaction of her perceived obligation to her sons for their work and for their inheritance. The first question before the court is whether either the partnership interest or the satisfaction of such an obligation constitutes "value".

She cites the definition of "value" in support of her argument that her sons provided consideration in exchange for the transfer of property. The UFTA provides in relevant part:

> (a) Value is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied, but value does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person.

Tenn. Code Ann. § 66-3-304(a).

Although the court has serious questions about whether the satisfaction of a sense of family obligation would constitute value under the UFTA definition, the transfer of the partnership interest is an asset that has some value. Based on finding that some value was transferred to the Debtor in exchange for her transfer, the court must address whether there is an issue of fact relating to "reasonably equivalent."

The "constructive fraud" provision requires an exchange for "reasonably equivalent

value." Although the statute defines "value" as stated *supra* in Tenn. Code Ann. § 66-3-304(a), the UFTA does not define "reasonably equivalent." The Sixth Circuit has addressed the meaning of "reasonably equivalent" in the analogous federal statute, 11 U.S.C. § 548(d)(2)(A), which is also undefined in the Bankruptcy Code. *See In re Congrove*, No. 04-8049, 2005 WL 2089856, 330 B.R. 880, at *3 (B.A.P. 6th Cir. 2005). There, the 6th Circuit Bankruptcy Appellate Panel noted that:

> In determining whether value is reasonably equivalent, focus should be placed upon the consideration received by the debtor rather than the value given by the transferee:
>
>> [T]he proper focus is on the net effect of the transfers on the debtor's estate, the funds available to unsecured creditors. As long as the unsecured creditors are no worse off because the debtor, and consequently the estate, has received an amount reasonably equivalent to what it paid, no fraudulent transfer has occurred.
>
> "[I]t is clear that the debtor need not collect a dollar-for-dollar equivalent to receive reasonably equivalent value."

*Id.* (quoting *Harman v. First Am. Bank (In re Jeffrey Bigelow Design Group, Inc.)*, 956 F.2d 479, 484 (4th Cir. 1992) and *Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.)*, 6 F.3d 1119, 1125-26 (5th Cir. 1993)). Bankruptcy courts in this district have noted that the UFTA is a "model statute so closely resembling [11 U.S.C.] § 548 that the two are generally construed in consonance." *Farinash v. Bensusan (In re Prebul Jeep, Inc.)*, No. 09-1041, 2009 WL 4581900, at *3 (Bankr. E.D. Tenn. Nov. 30, 2009).

In trying to determine the "net effect of the transfer," the issues of fact become apparent. The parties dispute the value of what was transferred. The Plaintiffs refer to an asset worth over $460,000 while the Debtor contends the transfer was of an interest of "nominal" value. A second factual dispute exists with regard to the value of what was received. Neither party presented evidence on the value of the partnership interest that the Debtor received although the Plaintiffs put on proof that the Debtor was a partner.

Had there not been genuine issues of material fact relating to the value, the court would have had to address whether the Plaintiffs carried their burden on the issues of the second element of the constructive fraud. The UFTA also requires that the Plaintiffs demonstrate either that the debtor:

> (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> (B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Tenn. Code Ann. § 66-3-305(a)(2)(A)-(B). The Defendants have not admitted facts in their answer or in their summary judgment materials demonstrating either (A) or (B). To the contrary, the Debtor contends she had assets to continue her business and did so as to part (A). As to part (B), she contends that she believed that the litigation with the Plaintiffs would result in a recovery, not a liability, for her and that her inability to pay her debts was due to a wrongful repossession. Further, the Plaintiffs have not presented any evidence regarding the remaining assets of her business or their interpretation of her belief about the litigation is disputed. Without undisputed proof, Plaintiffs are not entitled to summary judgment pursuant to Tenn. Code Ann. § 66-3-305(a)(2). *See In re Silvey*, 378 B.R. at 191. Whether the Debtor's contentions are sufficient to overcome Plaintiff's proof at trial remains to be determined.

### VI. Conclusion

As explained *supra*, the court will **DENY** the Plaintiffs' motion for summary judgment. A separate order will enter.